

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL SOTO,               :         CIVIL ACTION
        Petitioner,       **FILED**

      v.                  JAN 15 2008

JAMES T. WYNDER, et al.,   MICHAEL E. KUNZ, Clerk   NO. 07-4720
        Respondents.     By _____ Dep. Clerk

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution, in Dallas, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.      PROCEDURAL HISTORY

      On June 19, 1991, following a jury trial before the Honorable James C. Hogan, petitioner was convicted of first-degree murder and criminal conspiracy. Specifically, petitioner was convicted of fatally shooting Nepomuceno Pacheco. Petitioner was sentenced to a term of life imprisonment for the murder conviction, along with a consecutive term of five (5) to ten (10) years imprisonment for the conspiracy conviction.

      On June 27, 1996, petitioner's post-trial motions were denied. Petitioner filed a direct appeal to the Superior Court of Pennsylvania. On April 24, 1997, the Superior Court affirmed petitioner's judgment of sentence. Petitioner's petition for allowance of appeal to the

1

Pennsylvania Supreme Court was subsequently denied on December 31, 1997.

On August 25, 1998, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. The PCRA court notified petitioner of the court's intention to dismiss the petition without a hearing and that petitioner had twenty days to respond. On January 29, 1999, petitioner filed a pro-se response to the PCRA court's proposed dismissal. However, the PCRA court had dismissed petitioner's petition on January 27, 1999, two days prior to the receipt of petitioner's response.

On February 11, 1999, petitioner filed a notice of appeal to the Superior Court. On December 16, 1999, the Superior Court vacated the PCRA court's decision dismissing petitioner's petition, and remanded the petition for appointment of new counsel. From December 16, 1999 through the present, petitioner has been represented by three different counsel. On September 20, 2006, the court held an evidentiary hearing on petitioner's PCRA petition. On November 21, 2006, the PCRA court denied petitioner's petition. Petitioner filed a notice of appeal to the Superior Court.

Petitioner filed his first Petition for Writ of Habeas Corpus on June 29, 2006. This court dismissed petitioner's June 29, 2006 habeas petition as premature because petitioner's Superior Court collateral appeal was pending. The Superior Court denied petitioner's appeal on July 25, 2007. Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania on August 20, 2007. Petitioner's petition for allowance of appeal is currently pending in the Supreme Court of Pennsylvania.

Respondents retort that the petition for Writ of Habeas Corpus is premature since petitioner's petition for allowance of appeal is currently pending in state court and thus should be

2

dismissed without prejudice.  We agree.

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies.  O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demand, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

Where an appeal is pending in state court, the exhaustion requirement is not satisfied.  Thus, where an appeal or collateral challenge of a state criminal conviction is pending, the appellant must await the outcome prior to filing a petition for Writ of Habeas Corpus in federal court, regardless of whether the issues he would raise in his petition have already been settled in the state courts.

In the case at bar, petitioner's petition for allowance of appeal is still pending in the state court, and thus, petitioner is not eligible to make application for habeas relief.  In theory, petitioner may succeed in his appeal, in which case he could be awarded a new trial, rendering

3

the instant petition for Writ of Habeas Corpus moot.   As a result, we find the petition for Writ of

Habeas Corpus premature, and we recommend that it be dismissed without prejudice.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this _____11___ day of January, 2008, IT IS RESPECTFULLY

RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation.  See Local

Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL SOTO,                          :          CIVIL ACTION
            Petitioner,              :
                                     :
      v.                             :
                                     :
JAMES T. WYNDER, et al.,             :          NO. 07-4720
            Respondents.             :

<u>ORDER</u>

RONALD L. BUCKWALTER, J.

     AND NOW, this _____ day of _____, 2008, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

    1.    The Report and Recommendation is APPROVED and ADOPTED.

    2.    The petition for Writ of *Habeas Corpus* is DENIED without prejudice.

    3.    There is no probable cause to issue a certificate of appealability.

    4.    The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
RONALD L. BUCKWALTER, J.